IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>   Plaintiff,<br><br>   v.<br><br>J. OVERSTREET,<br><br>   Defendant. | No.  2:21-CV-0610-JAM-DMC-P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 13.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

1 complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it
2 rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
3 with at least some degree of particularity overt acts by specific defendants which support the
4 claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
5 impossible for the Court to conduct the screening required by law when the allegations are vague
6 and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff now names the following California State Prison – Sacramento (CSP-Sac) employee as the sole defendant:  J. Overstreet, a registered nurse.[1]  See ECF No. 13, pg 2. Plaintiff brings one claim against Defendant Overstreet under the Eighth Amendment because of an unsafe situation created by improper medical care given to another inmate at CSP-Sac who was infected with Covid-19.  Id. at 3-4.

Plaintiff alleges that on November 21, 2020, Defendant Overstreet tested an "Inmate White" for Covid-19 after the inmate returned to CSP-Sac from an outside trip to court on November 18, 2020.  Id.  According to Plaintiff, the "court trip officers told her (Inmate White) that he had to go home because he tested positive for the Covid-19 virus."  Id. at 4.  On November 24, 2020, Plaintiff claims that Defendant Overstreet tested the same inmate for Covid-19 a second time because Overstreet had allegedly lost the first test.  Next, Plaintiff contends that Defendant Overstreet did not quarantine or separate Inmate White from other inmates.  Finally, Plaintiff claims that the situation worsened, and on November 30, 2020, "the hold [sic] inter B yard of CSP-Sacramento was place[d] on quarantine."  Id.

///
///
///

---

[1] In the original complaint, Plaintiff also named Bobbala, the Chief Medical Officer, as a defendant.  The Court found Plaintiff's claim insufficient as to this defendant, but provided Plaintiff leave to amend.  See ECF No. 12.  Plaintiff has elected not to name Bobbala in the current first amended complaint.

2

## II.  DISCUSSION

Plaintiff's first amended complaint was filed following the Court's July 8, 2021, order addressing the sufficiency of Plaintiff's original complaint.  In that order, the Court found that the original complaint failed to state any cognizable claims.  See ECF No. 12.  In particular, the Court noted deficiencies with Plaintiff's claim as to Defendant Overstreet alleging mere negligence where Plaintiff was required to allege a more culpable state of mind to state a claim under § 1983.  See id. at 4.  Plaintiff was advised of this defect and was provided an opportunity to amend.

The Court finds that Plaintiff's first amended complaint continues to suffer the same defect.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant

injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff has claimed only that Defendant Overstreet was negligent and failed to quarantine Inmate White from the other inmates. Plaintiff has not – in the original complaint or the current amended complaint – alleged a culpable state of mind on the part of Defendant Overstreet. Nor do the facts alleged suggest such a state of mind. Despite being advised of this defect, Plaintiff has again not presented sufficient facts to demonstrate that Defendant Overstreet acted with a conscious disregard to an excessive risk to his health and safety. Therefore, Plaintiff has not stated a claim under the Eighth Amendment for which relief

can be granted.

### III.  CONCLUSION

Given that it does not appear possible the deficiencies identified herein and in the Court's original screening order can be cured by amending the complaint, either because Plaintiff is unable or unwilling to do so, Plaintiff is not entitled to further leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Dated:  October 13, 2021**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE