IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE<br><br>Plaintiff,<br><br>v.<br><br>J. OVERSTREET,<br><br>Defendant. | No. 2:21-CV-00610-DAD-DMC-P<br><br><br><br>ORDER |

Plaintiffs Brownlee and White[1], prisoners proceeding pro se, bring this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiffs' second amended complaint, ECF No. 18.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover,

---

[1] It appears two Plaintiffs bring this action on behalf of themselves: Plaintiff Benjamin Justin Brownlee and Plaintiff Tumajay Acconnie White. See ECF No. 18, pgs. 1-2. Both Plaintiffs were incarcerated at California State Prison – Sacramento ("CSP-Sac") when the purported violations occurred. See id. Plaintiff White is newly added and was not named as a Plaintiff in any previous complaints.

1

the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

In order to survive dismissal for failure to state a claim, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555-56 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). The mere possibility of misconduct will not suffice to meet this standard. See id. at 679. Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants that support the claims, vague and conclusory allegations fail to satisfy this standard.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiffs name J. Overstreet, a registered nurse at CSP-Sac, as the only Defendant. See ECF No. 18, pg. 3. Plaintiffs bring one claim under the Eighth Amendment for deliberate indifference based on unsafe conditions and improper medical treatment resulting from Defendant's failure to quarantine Plaintiffs after testing positive for the Covid-19 virus. See id., pgs. 5-6. In general, Plaintiffs claim that once they were both infected with Covid-19, Defendant did not adequately attend to their medical needs or quarantine Plaintiffs to prevent other inmates from contracting the virus. See, generally, id., pgs. 5-9.

///

///

2

Specifically, Plaintiffs allege that in or around the middle of November, 2020, after returning from a court date, Plaintiff White was notified that the trip officers who had escorted Plaintiff White had tested positive for the Covid-19 virus and that Plaintiff White must be placed in quarantine. See id., pg. 5. However, after returning, Plaintiffs allege that Defendant did not place Plaintiff White in quarantine, as required by prison policy, and failed to test Plaintiff White within 24-48 hours after being in close contact with a positive Covid-19 person. See id.; see also id., pg. 9. Thereafter, Plaintiffs contend that Defendant lost/misplaced Plaintiff White's Covid test, and Plaintiff White had to be retested as a result. See id. Plaintiffs allege that Plaintiff White submitted to Defendant two medical sick call slips requesting that Plaintiff White be seen by a doctor, because Plaintiff White was feeling sick, having chest pain, and had lost the ability to smell or taste. See id., pgs. 5-6. On November 21, Defendant returned to test Plaintiff White and allegedly told Plaintiff White that Defendant had forgotten to tell her supervisor that Plaintiff White needed to be placed in quarantine due to Plaintiff White's contact with the Covid-19. See id., pg. 6. On November 24, Defendant returned to notify Plaintiff White that Plaintiff White had tested positive for the virus. See id. On November 30, Defendant notified prison officers that B-5 Building was placed on quarantine status. See id., pg. 7.

Plaintiffs then allege that on November 28 and December 1, Plaintiff Brownlee submitted medical slips because Plaintiff Brownlee was feeling sick with body pain, trouble breathing, and inability to taste or smell. See id. On December 1, Plaintiff Brownlee was tested for Covid-19 and tested positive for the virus. See id. On December 4, Defendant retested Plaintiff Brownlee with a positive result; on December 8, Defendant retested Plaintiff Brownlee, but the results were negative; and finally, on December 11, Defendant again retested Plaintiff Brownlee with a positive result. See id., pg. 8.

Plaintiffs assert that Defendant did not quarantine Plaintiffs. See id. Plaintiffs contend that Defendant did not move Plaintiffs from the housing unit to the quarantine unit "so the Petitioners do[] not give or past [sic] the virus to somebody else." Id., pg. 7. According to Plaintiffs, Defendant did not notify her supervisor that Plaintiffs were supposed to be on quarantine and "allowed us to walk around the building and yard pas[sing] the Covid-19 virus

around." See id., pg. 8.

Plaintiffs allegedly complained to prison officers in the building where they were housed about their health and wellbeing, having high temperatures, non-stop bathroom use, inability to eat, shortness of breath, wheezing, and Plaintiff Brownlee's continuous use of inhaler. See id., pgs. 7-8. However, according to Plaintiffs, Defendant did not check, or have someone else check, on Plaintiffs. See id., pg. 7. Plaintiffs allege that Defendant failed to provide adequate medical care to the infected, including Plaintiffs. See id., pg. 9.

Finally, Plaintiffs contend that Defendant "negligently failed to properly handle positives [sic] outbreak in prisoner[] White and prisoner Brownlee," "properly quarantine petitioner Brownlee and petitioner White with a positive case of Covid-19 virus, " and failed to follow "unspecified medical policies and guidelines in CSP-Sac for Covid-19 outbreaks" by not isolating Plaintiffs in order to "stop a surge/outbreak from spreading to other prisoners to make them sick or cause death to a prisoner." See id., pg. 9.

## II. DISCUSSION

### A. Plaintiff White

This second amended complaint is brought by Plaintiff White and Plaintiff Brownlee, but Plaintiff White was not named as a Plaintiff in the original or first amended complaint. Cf. id., pgs. 1-2 with ECF Nos. 1 and 13. "A district court possesses inherent power over the administration of its business." Spurlock v. F.B.I., 69 F.3d 1010, 1016 (9th Cir. 1995). This power includes the authority to promulgate and enforce rules for the management of litigation and its docket. Id. (citation omitted). However, the Court may not simply add a plaintiff to the pending civil rights action.

#### 1. In propria persona

Local Rule 131(b) of the Eastern District of California requires that all pleadings "be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing" in propria persona in the action. See L.R. 131(b); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696,

4

697 (9th Cir. 1987). The privilege to appear in propria persona is a privilege personal to the Plaintiff. A pro se Plaintiff has no authority to appear as an attorney for another. McShane v. United States, 366 F.2d at 288 (citing Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962)).

Here, Plaintiff White has failed to comply with the requirements of Local Rule 131(b) as Plaintiff White has not signed the second amended complaint. Indeed, other than Plaintiff White being named as a Plaintiff and those facts pertaining to Plaintiff White having been alleged in the second amended complaint, the second amended complaint appears to be written only by Plaintiff Brownlee, and is only signed by him. Thus, because appearing in propria persona is privilege personal only to Plaintiff Brownlee, Plaintiff White has not signed the pleading, and appears to not have been involved at all in the preparation of the second amended complaint, Plaintiff White must be dismissed. Plaintiff Brownlee may bring this action only on his own behalf.

2.   In forma pauperis status

An action may only proceed despite the failure to pay a filing fee if the party is granted in forma pauperis ("IFP) status. Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). All parties seeking to proceed in forma pauperis must qualify for in forma pauperis status. Anderson v. California, No. 3:10-cv-02216-MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010). As previously explained, the court has a duty to screen all complaints brought by prisoners seeking relief against a governmental entity. See 28 U.S.C.1915(A). Each complaint is also subject to the fee requirements of 28 U.S.C. § 1915(b)(1), which provides that the CDCR shall deduct the initial partial filing fee and additional installment payments from plaintiff's prison trust account each time the amount in the account exceeds $10.00 until the statutory filing fee is paid in full.

In this instance, Plaintiff Brownlee is the only named Plaintiff to have submitted an IFP application, and was granted, in forma pauperis in this action. See ECF Nos. 8-9. Plaintiff White has failed to submit an IFP application or pay the required filing fee for this action. To the extent that Plaintiffs' attempt to add Plaintiff White to the present complaint is a back door attempt to avoid the screening and fee requirements imposed by the Prison Litigation Reform Act,

5

Plaintiff White must be dismissed.

### 3. Joinder under Rule 20

Courts have broad discretion regarding the permissive joinder of parties. Fed. R. Civ. P. 20, 21; see Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (recognizing that under Rule 20(a), joinder is proper if "(1) the plaintiffs asserted a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all the plaintiffs will arise in the action," and then courts must consider whether permissive joinder " 'would comport with the principles of fundamental fairness' or would result in prejudice to either side.") (emphasis in original). But see Webb v. Cal. Dep't. of Corr. and Rehab., No. 14-cv-01528-MJS (PC), 2014 WL 5361961, at *2 (E.D. Cal. Oct. 21, 2014) (denying request to permit joinder of incarcerated co-plaintiffs because "the need for co-plaintiffs to agree upon and sign all pleadings becomes impossibly burdensome where [co-plaintiffs are incarcerated]"); Pratt v. Hedrick, No. C 13-4557 SI (pr), 2014 WL 280626, at *5 (N.D. Cal. Jan. 24, 2014) (denying motion to join additional plaintiffs because of "basic case management principles of delay reduction and avoidance of confusion").

Here, even if Plaintiffs could amend the complaint to show joinder was proper, they are individuals in the custody of the California Department of Corrections and Rehabilitation. An action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with un-incarcerated individuals.  Even if both Plaintiffs obtained authorization to communicate with each other, delays would be caused by the need for all filings to contain the original signatures of both Plaintiffs, since, as provided above, Plaintiffs are not permitted to authorize one individual to sign documents for them.  Such issues have already arisen here as the second amended complaint was not signed by Plaintiff White, Plaintiff Brownlee has no authority to appear for Plaintiff White, and Plaintiff White did not submit an application seeking to proceed in forma pauperis.  Indeed, the Court has been notified that Plaintiff Brownlee has been moved to

another facility. See ECF No. 24. To avoid the potential prejudice to individual Plaintiffs and delayed case management, the Court will not allow here the joinder of Plaintiff White. Plaintiff White therefore must be dismissed. Plaintiff White may commence a separate action to litigate those civil rights claims related to Plaintiff White.

### B. Plaintiff Brownlee

The Court next addresses the substance of Plaintiff Brownlee's Eighth Amendment claim.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). A prison official violates the Eighth Amendment only when objectively, the official's act or omission is so serious such that it results in the denial of the minimal civilized measure of life's necessities; and subjectively, the prison official acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness include

whether a reasonable doctor would think that the condition is worthy of comment; whether the condition significantly impacts the prisoner's daily activities; and whether the condition is chronic and accompanied by substantial pain.  McGuckin, 974 F.2d at 1059.

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See id. at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint, 801 F.2d at 1111.  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff fails to satisfy the objective criteria.  Plaintiff does not allege any facts that failure to treat Plaintiff Brownlee could, or did, result in further significant injury.  Plaintiff also does not allege facts showing how failing to quarantine White or Plaintiff Brownlee posed a serious risk to Plaintiff Brownlee's health.  Plaintiff Brownlee cannot state a claim for deliberate indifference to medical needs based on the potential injury to others by failing to quarantine him.  Plaintiff must state facts sufficient to show how, because of Defendant's failure to quarantine, Plaintiff himself was injured.

/ / /

/ / /

/ / /

8

Plaintiff also fails to satisfy the subjective criteria. Plaintiff must assert facts that Defendant's failure to attend to Plaintiff was more than a lack of ordinary care, as negligent medical care alone is not enough. Plaintiff must allege specific facts sufficient to show that Defendant was aware of an excessive risk to Plaintiff's health by not checking on him, but consciously disregarded that risk. Plaintiff does not allege that his symptoms got worse from Defendant's purported failure; instead, Plaintiff asserts that Defendant did test Plaintiff several times for the virus. Speculation regarding the sufficiency of Defendant's conduct or Plaintiff's symptoms is not enough. A mere possibility of misconduct will not suffice to meet the standard Rule 8 requires.

If Plaintiff is alleging that Defendant delayed providing medical treatment to Plaintiff, Plaintiff must demonstrate that Defendant's delay caused further injury. Plaintiff has not alleged facts to show that any delay on the part of Defendant to provide medical treatment to Plaintiff caused further injury to Plaintiff.

Finally, to the extent that Plaintiff is alleging Defendant should have provided a different course of treatment in response to his positive Covid-19 test, a difference of opinion in medical treatment does not constitute deliberate indifference. Plaintiff must show that the treatment given was medically unacceptable under the circumstances, which Plaintiff has failed to do here. Plaintiff fails to allege any facts to show that Defendant's course of treatment was medically unacceptable under the circumstances or in conscious disregard of an excessive risk to Plaintiff's health. In other words, Plaintiff's general statement that Defendant failed to provide adequate medical care by not checking on him asserts only a conclusion, not a fact.

In sum, Plaintiff provides no facts to substantiate a finding that Defendant knew her actions were improper but taken nonetheless, despite a known and excessive risk to Plaintiff. Without more, negligence in the provision of medical care does not violate the Eighth Amendment. Therefore, Plaintiff has not stated a claim under the Eighth Amendment for which relief can be granted. Plaintiff Brownlee will be provided an opportunity to amend.

///

///

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff White is dismissed from this action;

2. Plaintiff Brownlee's second amended complaint is dismissed with leave to amend; and

3. Plaintiff shall file a third amended complaint within 30 days of the date of service of this order.

Dated: January 17, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE