IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>Plaintiff,<br><br>v.<br><br>J. OVERSTREET,<br><br>Defendant. | No. 2:21-CV-0610-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Defendant's motion to dismiss. See ECF No. 35. Plaintiff has filed an opposition. See ECF No. 38. Defendant has filed a reply. See ECF No. 39.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardusthis, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1

In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

/ / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

Plaintiffs originally brought this suit against the following defendants, who were prison officials at California State Prison – Sacramento (CSP-Sac) at the times alleged in the complaint: (1) J. Overstreet, a registered nurse, and (2) M. Bobbala, Chief Medical Executive. See ECF No. 1. The Court dismissed the complaint with leave to amend for failure to state a cognizable claim against either defendant. See ECF No. 12. Plaintiff subsequently filed a first amended complaint naming Overstreet as the only defendant. See ECF No. 13. The Court dismissed the first amended complaint for failure to state a claim and provided Plaintiff an additional opportunity to amend. See ECF No. 16. Plaintiff, joined by another inmate – Tumajay Acconnie White – filed a second amended complaint against Defendant Overstreet. See ECF No. 18. The Court dismissed newly added inmate White as a plaintiff to the action and dismissed the second amended complaint for failure to state a claim against Defendant Overstreet. See ECF No. 25. Plaintiff was again provided leave to amend. See id. Plaintiff filed the operative third amended complaint against Defendant Overstreet. See ECF No. 26. The Court found the third amended complaint appropriate for service. See ECF No. 28.

### B. Plaintiff's Allegations

Plaintiff brings one claim under the Eighth Amendment for deliberate indifference based on unsafe conditions and improper medical treatment. See ECF No. 26, pg. 3. In general, Plaintiff claims that he was exposed to COVID-19 through the improper conduct of Defendant in quarantining other inmates, and once he was infected with COVID-19, Defendant did not adequately attend to his medical needs or quarantine Plaintiff to prevent other inmates from contracting the virus. See id. at 3-6.

///

On November 21, 2020, Inmate White tested positive for COVID-19, likely from an interaction with a correctional officer. See id. at 5-6. Defendant then failed to test Inmate White within 48 hours upon exposure to the virus and failed to properly quarantine Inmate White. See id. at 6. Defendant failed to follow COVID-19 guidelines issued by the Centers for Disease Control (CDC) and California Department of Corrections and Rehabilitation (CDCR), which resulted in Plaintiff contracting COVID-19. See id.

On November 28 and December 1, 2020, Plaintiff submitted medical call slips due to experiencing body pain, trouble breathing, and the inability to taste or smell. See id. at 4. On December 1, 2020, Plaintiff tested positive for COVID-19. See id. The test was administered by Defendant. See id. Plaintiff claims that Defendant failed to direct custody staff to move Plaintiff to the quarantine unit to prevent spread and subsequently other inmates were exposed and faced serious health conditions. See id.

Plaintiff was retested by Defendant on December 4 and 11, 2020, and remained positive for COVID-19. See id. Plaintiff was not moved, and continued to have difficulty breathing, general muscle and bone pain, fevers, gastric distress, and an inability to eat. See id. at 4-5. Plaintiff received new medications for these symptoms. See id. at 5. Defendant refused to check on Plaintiff for five days after Plaintiff tested positive on December 11. See id. at 5. Plaintiff claims he is still experiencing long-term COVID-19 symptoms and has exhausted the grievance process concerning this issue. See id. at 6.

Plaintiff notes that on November 30, 2022, Defendant informed her supervisor of a COVID-19 outbreak within Building Five in B-yard, where a prisoner was placed on lockdown and transferred to quarantine. See id. at 6-7. Plaintiff claims he was never given this level of care and "only had their temperature checked" by Defendant. See id. at 7. Plaintiff claims Defendant never made inquiries into Plaintiff's health and failed to do her medical duty as a nurse. See id.

///
///
///
///

4

## II. DISCUSSION

In her motion to dismiss, Defendant argues the claim should be dismissed because: (1) Plaintiff fails to satisfy the objective prong required for an Eighth Amendment violation; and (2) Plaintiff fails to show that Defendant acted with the required mental state. See ECF No. 35.

The treatment a prisoner receives in prison, and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2)

whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not generally give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). However, a claim involving alternate courses of treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in conscious disregard of an excessive risk to the prisoner's health. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

### A. **Plaintiff does not sufficiently allege facts that demonstrate Defendant violated the objective prong**

Plaintiff contends that Defendant oversaw and was the deciding factor in whether to quarantine Inmate White and that the failure to do so resulted in Plaintiff's exposure to COVID-19. See ECF No. 26, pgs. 5-6. Plaintiff next alleges that Defendant denied Plaintiff the proper medical care required when Plaintiff contracted COVID-19 because Defendant "refused"

to check on Plaintiff after having tested positive on December 11, 2020. See id. at 5. Plaintiff then makes multiple claims that Defendant failed to follow proper CDC and CDCR guidelines concerning the handling of COVID-19-positive inmates. See ECF No. 26.

Plaintiff's claim that Defendant should have provided a different course of treatment in response to Plaintiff's positive COVID-19 test does not satisfy the objective prong. Plaintiff alleges being tested on December 1, 4, and 11, 2020, and receiving medications to treat COVID-19 symptoms. See id. at 5. Plaintiff must show that Defendant's act resulted in the denial of the "minimal civilized measure of life's necessities," which Plaintiff has failed to do here. See Farmer, 511 U.S. at 834. There are no facts alleged to show that Defendant's course of treatment was medically unacceptable or in conscious disregard of an excessive risk to Plaintiff's health. To the contrary, the facts alleged indicate that Defendant acted reasonably in testing Plaintiff and providing medication to treat Plaintiff's symptoms once he tested positive for COVID-19.

    **B.**    **Plaintiff does not sufficiently allege facts that demonstrate Defendant violated the subjective prong**

To violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See Farmer, 511 U.S. at 834. Defendant contends that Plaintiff has not asserted sufficient facts to show Defendant knew of and disregarded an excessive risk to Plaintiff's health. See ECF No. 35. According to Plaintiff, Defendant "refused" to check on Plaintiff following testing positive on December 11, 2020, at which time Plaintiff was still suffering from "high temperatures," gastric distress, inability to eat, and shortness of breath." See ECF No. 26, at 5-6.

Plaintiff makes no other claims about the mental state of Defendant. Plaintiff only mentions that Defendant "refused" to check on him for a week. However, according to the amended complaint, Plaintiff was receiving medication during this time to treat his COVID-19 symptoms. See ECF 26. Plaintiff has not alleged facts sufficient to support the conclusion that Defendant "acted unnecessarily and wantonly for the purpose of inflicting harm." See Farmer, 511 U.S. at 834. To the contrary, the facts alleged indicate that Defendant acted for the purpose of providing Plaintiff treatment for his COVID-19 symptoms once he tested positive.

### III.  CONCLUSION

The Court finds that, despite having been advised on several prior occasions of the applicable legal principles and defects with previous pleadings, Plaintiff's third amended complaint continues to suffer from the same defects.  Therefore, further leave to amend is not warranted.

Based on the foregoing, the undersigned recommends that Defendant's motion to dismiss, ECF No. 35, be GRANTED and that this action be DISMISSED without further leave to amend and with prejudice for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 30, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE